KERR
*vs*
SMITH.

CHANCERY.

*Case* 114.

June 30.

The case stated.

In a proceeding under the statute of 1837, to subject to the payment of debts, the property of non-residents & absent defendants, if no seizure of the property is asked, no oath to the bill or bond is required of complainant.

# Kerr *vs* Smith.

ERROR TO THE HENDERSON CIRCUIT.

*Non-resident and absent defendants.    Attachments.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

SMITH filed a bill in chancery against H. and R. Kerr, as non-residents, to subject a house and lot owned by them in this State, in satisfaction of a balance, which he charges to be due him for his crop of tobacco, delivered under a special contract, at their stemmory in Henderson.    A decree was rendered in his favor by the Circuit Court, and they have appealed to this Court.    Several objections are made to the proceedings and decree which we will concisely dispose of.

The statute of 1837, provides a new mode of proceeding against *non-resident* and *absent* defendants, by which their *lands* in this State, as well as other effects, may be subjected to the payment of their debts, and supercedes the requirements of the act of 1827.    By the act of 1837, there are two classes of individuals who may be proceeded against, to-wit : *non-residents* of this State or *residents* of other countries, and *residents of this State* who have *absented* themselves or left the State to avoid suit at law, or have remained absent without the State until a term of the Court has intervened.    The bill is required to aver

the fact of *absence* from the State, only in the latter class of cases, and to be verified by affidavit. There is also, two modes of proceeding, provided for by the act of 1837, the one by the service of subpœna and notice of the nature and intention of the suit, on the resident who holds the title or possession of the effects of the non-resident within this State, or who owes the non-resident; the other by procuring an attachment thereon from a Judge or the Justices authorized to issue the same, directing the effects of the non-resident or absent defendant to be *attached* or *seized* by the proper officer, and held until the defendant executes bond as required by the act. To authorize this attachment or order of seizure, the bill must be verified by affidavit, and bond, with security, first executed. But when the order for attachment or seizure is not required nor obtained, the preliminary affidavit or bond is not required, *Webb* vs *Read and others*, (3 *B. Monroe*, 120.)

Upon the merits, we think the decree should be affirmed, not for the reason given by the Judge, that the defendants have remedy at law, but upon the ground that having received the tobacco, though it may have been of inferior quality to that required by the contract, they have no right afterwards to raise objections or refuse to pay for the same, according to the stipulations of their contract. They should have refused to receive it, if it did not come up to the contract, or if they had permitted the two first loads to be taken from the wagon, and placed under shelter in their factory, they should have laid it aside, and immediately notified Smith that they would not receive it under the contract, and that he need send no more; in which event, Smith would have been left at liberty either to dispose of the tobacco elsewhere, or to agree to deliver it under a new contract with the defendants, or to tender it under his existing contract, as coming up to its terms and quality, and demanding from them the receipt of it as such; and in case of their refusal to remove it, reserving his right to make them responsible for a breach of their contract. They had no right to receive it and fix a price upon it lower than the price fixed by the terms of the contract. To allow them to do this, would be to al-

*Margin notes:*

KERR
*vs*
SMITH.

S. contracted to deliver to K. a quantity of tobacco of a particular quality, K. received the tobacco, but insisting that it was deficient in quality, gave receipts for it as of an inferior quality and at a less price. Held that as he had received the tobacco under the contract, he was bound for the contract price.

low them, at pleasure, to depart from their written contract, and to make new terms without the concurrence or agreement of the other party. The receipts sent to Smith were good as evidence of the quantity of tobacco delivered, and he had a right to hold them as such. His receiving and holding them, cannot have the effect to bind him to a specification of price below and varient from the terms of his written contract, and to which price he never made any agreement with the defendants.

The principles here settled, are in accordance with the principles heretofore settled by this Court and by other Courts: *Dana* vs *Boyd*, (2 *J. J. Marshall*, 593;) *O'Bannon* vs *Relf*, (7 *Dana*, 320;) *McKibben* vs *Bakers*, (1 *B. Monroe*, 123;) *Sprague* vs *Blake*, (20 *Wendell*, 61.)

It is to be remarked, that the tobacco in the case before us, was delivered in hands in a loose state, so that its quality and true condition might be examined and ascertained at once. It may also be remarked, that it is rendered questionable, from the proof, whether the tobacco delivered did not, in fact, come up to the requirements of the contract.

The decree of the Circuit Court is affirmed, with costs and damages.

*Harlan & Craddock* for plaintiff; *Powell* for defendant.